IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL OLVERA, TDCJ #1302419, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-2335 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Raul Olvera (TDCJ #1302419), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Olvera has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 to challenge an adverse parole decision ("Olvera's Petition"). (Docket Entry No. 1) He has also submitted a Memorandum of Law in Support of [his] Petition ("Olvera's Memorandum of Law"). (Docket Entry No. 2) After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in

---

[1]The petition lists the "Texas Parole Board" as the respondent. Because the petitioner is in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division, Director William Stephens is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the United States District Courts, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

On June 10, 2004, Olvera was convicted upon his guilty plea to charges of possession with intent to deliver heroin in Harris County case number 1009434. The 176th District Court of Harris County, Texas, sentenced Olvera to 25 years' imprisonment. Olvera did not appeal.

Olvera does not challenge the validity of his underlying conviction. Instead, Olvera challenges a decision made by the Texas Board of Pardons and Paroles ("Parole Board") in November of 2014, which resulted in the denial of his early release on parole.[2]

In his sole ground for relief, Olvera contends that the Parole Board has denied him release on parole on three successive

---

[2]There are two primary ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Olvera states in his Petition that he is not eligible for early release on the form of early release known as mandatory supervision. (Docket Entry No. 1, p. 5) Accordingly, this case concerns only Olvera's potential release on parole.

-2-

occasions in violation of his right to due process by repeatedly or "continuously using" the reasons outlined in paragraphs 3D and 5D. (Olvera's Petition, Docket Entry No. 1, p. 6)  Olvera clarifies that paragraphs 3D and 5D are standard reasons included in the Parole Board's written decision denying parole.  (Id. at 7.) According to Olvera, the Parole Board may deny parole based on paragraph 3D where an inmate's record indicates "excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history."  (Id.)  The Parole Board may deny parole based on paragraph 5D where the record indicates "unsuccessful periods of supervision on previous probation, parole or mandatory supervision that resulted in incarceration, including parole in absentia revocations."  (Id.)  Reasoning that he cannot change the facts of his underlying offense or his unsuccessful record on supervised release in the past, Olvera believes that the Parole Board will continue to deny his parole release based on paragraphs 3D and 5D.  (Olvera's Memorandum of Law, Docket Entry No. 2, pp. 3-4)  Olvera alleges that for reasons he cannot contest he will never be granted parole.  (Id. at 4.)  By repeatedly denying him parole in this manner, Olvera alleges that the Parole Board has acted arbitrarily in violation of his right to due process.

## II.  Discussion

Olvera contends that he was denied parole in violation of the Due Process Clause found in the Fourteenth Amendment.  There is,

however, "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest created by state law. See, e.g., Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citing Board of Pardons v. Allen, 107 S. Ct. 2415 (1987)).

The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they create no expectancy of early release. See Williams v. Briscoe, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, but rather creates nothing more than a hope of parole); see also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995); Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). Thus, it is settled that Texas inmates "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Olvera cannot demonstrate that he was denied parole in violation of a constitutionally protected liberty interest, he is not entitled to habeas corpus relief on this issue.

Federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, Olvera's Petition lacks an arguable basis in law and is subject to dismissal for that reason. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998). Accordingly, Olvera's Petition will be denied and this case will be dismissed.

### III. Certificate of Appealability

The habeas corpus Petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Because the issue presented concerns a clearly settled area of law, the court concludes that jurists of reason would not debate whether Olvera's Petition states a valid claim for relief or should be

resolved in a different manner. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Raul Olvera's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of August, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE